UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
NOV 17 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

DR. STEPHANIE J. SMITH,
Plaintiff,

v.

MCMICKLE, KUREY & BRANCH, LLP;
CASEY D. BAKER, Individually;
SCOTT MCMICKLE, Individually;
STATE OF GEORGIA,
Defendants.

1:26-CV-7000

**EMERGENCY DEMAND FOR EXPEDITED HEARING, IMMEDIATE TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PRESERVATION OF PROPERTY RIGHTS, AND SETTLEMENT CONFERENCE**

Plaintiff Dr. Stephanie J. Smith, appearing pro se, submits this Emergency Demand pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's authority to provide appropriate equitable relief.

I. STATEMENT OF CONSTITUTIONAL EMERGENCY

1. Plaintiff demands immediate federal judicial intervention to protect her primary residence located at 5535 Hugh Howell Road, Stone Mountain, Georgia 30087, from threatened foreclosure, sale, transfer, or interference with her ownership and possessory interests.

2. Plaintiff's federal complaint challenges the disputed security deed, alleged real estate deed fraud, fraudulent concealment, and the authority asserted by persons seeking to enforce the alleged mortgage obligation.

3. Plaintiff has asserted claims concerning deed delivery, subrogation, and release of lien.

4. Plaintiff alleges that the threatened foreclosure presents a risk of substantial and irreparable injury to her ownership, equity, possession, and use of her primary residence.

5. Plaintiff demands immediate temporary relief preserving the property until the Court conducts an expedited hearing and determines whether preliminary injunctive relief is warranted.

II. FACTUAL BASIS FOR EMERGENCY RELIEF

6. Plaintiff owns and occupies the property identified above as her primary residence.

7. On August 23, 2026, Plaintiff issued a written Offer to Pay Letter requesting documentation concerning the alleged loan, its funding, ownership, assignments, accounting, and enforcement authority.

8. On October 1, 2026, Synovus Bank issued a Notice of Breach and Right to Cure demanding $28,616.15 by October 15, 2026, and warning of acceleration and foreclosure.

9. On October 29, 2026, McMickle, Kurey & Branch, LLP issued collection correspondence identifying Casey D. Baker and demanding $707,858.69, together with additional interest and charges.

10. October 29 correspondence identified Pinnacle Bank as successor by merger to Synovus Bank.

11. Plaintiff alleges that the acceleration and collection demands were made without producing documentation verifying the claimed creditor's enforcement authority, the law firm's agency authorization, the validity and delivery of the security deed, or the accounting supporting the amount demanded.

12. Plaintiff alleges that the threatened foreclosure is based upon a disputed security instrument whose legal validity and enforceability are central issues in this federal action.

13. Plaintiff demands preservation of the property pending judicial determination of the deed-delivery, subrogation, and lien-release claims.

## III. PROPERTY-TRANSFER STATUTES AND DEED DELIVERY

14. O.C.G.A. § 44-5-30 establishes statutory requirements governing conveyances of land, including delivery of the deed.

15. O.C.G.A. § 44-14-61 establishes execution and attestation requirements applicable to security deeds.

16. Plaintiff alleges that the disputed security deed has been used to assert enforcement authority without establishing compliance with the applicable statutory requirements.

17. Plaintiff demands judicial determination of the lawful delivery and enforceability of the disputed security deed.

18. Plaintiff alleges that foreclosure before determination of these disputed rights threatens to interfere with the Court's ability to provide effective relief concerning the property.

## IV. GROUNDS FOR TEMPORARY INJUNCTIVE RELIEF

19. Federal Rule of Civil Procedure 65 authorizes temporary restraining orders and preliminary injunctions upon satisfaction of the applicable requirements.

20. Plaintiff contends that the alleged deed-delivery defects, disputed enforcement authority, and challenged foreclosure activity support her claims for relief.

21. Plaintiff alleges that foreclosure of her primary residence would cause substantial harm, including potential displacement, loss of possession, and interference with her property interests.

22. Plaintiff asserts that monetary damages alone may not adequately remedy the loss of her primary residence and the resulting interference with her ownership and possessory interests.

23. Plaintiff contends that temporary preservation of the existing property position would prevent irreversible changes while the Court considers the disputed security deed.

24. Plaintiff contends that the balance of hardships favors preserving the property pending an expedited hearing because the requested temporary restraint would maintain existing conditions while the parties' rights are adjudicated.

25. Plaintiff contends that the public interest favors compliance with applicable property-transfer requirements and adjudication of disputed property rights before enforcement activity produces irreversible consequences.

V. DEMAND FOR IMMEDIATE TEMPORARY RESTRAINING ORDER

26. Plaintiff demands that the Court consider this Emergency Demand immediately and enter a temporary restraining order under Rule 65(b) if the requirements for relief without notice are established or following notice and an expedited opportunity to respond.

27. Plaintiff demands that the defendants and persons within the scope of Rule 65(d)(2) who receive actual notice of the order be temporarily restrained from foreclosing upon, selling, transferring, or otherwise disposing of Plaintiff's primary residence pursuant to the disputed security deed.

28. Plaintiff demands that the temporary restraining order preserve her existing ownership and possessory interests.

29. Plaintiff demands that any temporary restraining order specify its effective date, expiration date, prohibited conduct, and the people bound by its terms.

30. Plaintiff requests the maximum temporary duration authorized by Rule 65(b), if relief without notice is granted, subject to any lawful extension.

31. Plaintiff requests that the Court determine appropriate security under Rule 65(c), including whether nominal security is appropriate.

## VI. DEMAND FOR EXPEDITED HEARING

32. Plaintiff demands an expedited hearing at the earliest available date and before any scheduled foreclosure sale, if a sale is scheduled.

33. Plaintiff demands that the Court consider the October 1, 2026 Notice of Breach and Right to Cure and October 29, 2026 collection and acceleration correspondence.

34. Plaintiff demands judicial consideration of the disputed security deed, applicable deed-delivery requirements, and the asserted enforcement authority.

35. Plaintiff demands that the parties seeking enforcement identify the legal basis for their claimed authority and the security instrument upon which foreclosure is threatened.

36. Plaintiff demands determination of whether preliminary injunctive relief is necessary to protect her property interests pending resolution of the federal claims.

## VII. NOTICE AND RULE 65 CERTIFICATION

37. Plaintiff requests that the Court consider this filing on an emergency basis.

38. Plaintiff requests relief upon notice to the opposing parties and an expedited opportunity to respond, unless the Court determines that the requirements for relief without notice under Rule 65(b)(1) have been established.

39. Plaintiff submits that the sworn declaration accompanying this Demand identifies the facts supporting her request for immediate judicial protection.

40. Plaintiff requests that the Court consider the attached documentary exhibits in determining the necessity and scope of temporary relief.

41. Plaintiff requests that the Court schedule any preliminary-injunction hearing as promptly as practicable.

## VIII. DEMAND FOR PRESERVATION OF PROPERTY RIGHTS

42. Plaintiff demands preservation of her ownership and possessory interests during consideration of the requested injunctive relief.

43. Plaintiff demands that the defendants and persons legally bound by any injunction refrain from foreclosure activity prohibited by the Court's order.

44. Plaintiff demands that the Court preserve its ability to adjudicate her claims concerning deed delivery, subrogation, and release of lien.

45. Plaintiff demands that the temporary relief remain in effect only for the period and under the conditions authorized by Rule 65 and any subsequent lawful order.

## IX. DEMAND FOR SETTLEMENT CONFERENCE

46. Plaintiff maintains her demand for a settlement conference concerning deed delivery, subrogation, and release of lien.

47. Plaintiff demands participation by persons possessing authority to resolve the disputed property interests and execute any required deed-delivery or lien-release instruments.

48. Plaintiff requests that the settlement conference be scheduled without delaying consideration of the emergency injunctive relief.

## X. DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands:

49. Immediate consideration of this Emergency Demand.

50. Entry of a temporary restraining order upon satisfaction of Rule 65's requirements.

51. An expedited hearing before any scheduled foreclosure sale, where practicable.

52. A preliminary injunction preserving Plaintiff's property interests pending adjudication of the federal claims.

53. Judicial consideration of the disputed security deed and applicable deed-delivery requirements.

54. Preservation of the Court's ability to grant effective relief concerning deed delivery, subrogation, and release of lien.

55. Determination of appropriate security under Rule 65(c).

56. An expedited settlement conference.

57. All additional equitable relief authorized by applicable federal law.

DR. STEPHANIE J. SMITH
Plaintiff, Pro Se

DECLARATION OF DR. STEPHANIE J. SMITH

I, Dr. Stephanie J. Smith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and the owner of the property located at 5535 Hugh Howell Road, Stone Mountain, Georgia 30087.

2. The property is my primary residence.

3. On August 23, 2026, I issued a written Offer to Pay Letter requesting documentation concerning the alleged mortgage obligation.

4. I received or was provided a Notice of Breach and Right to Cure dated October 1, 2026, demanding $28,616.15 by October 15, 2026, and warning of acceleration and foreclosure.

5. I received or was provided collection correspondence dated October 29, 2026, demanding $707,858.69 and asserting authority to enforce the alleged mortgage obligation.

6. I dispute the enforcement authority asserted against my property and the validity and enforceability of the disputed security deed.

7. I seek immediate judicial protection against foreclosure of my primary residence while the Court determines the disputed property rights.

8. Foreclosure and loss of possession of my primary residence would cause substantial hardship and interfere with my ownership and possessory interests.

9. The statements in this declaration are true and correct to the best of my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Nov 17, 2026

DR. STEPHANIE J. SMITH
Declarant

EXHIBIT A

NOTICE OF BREACH AND RIGHT TO CURE

Dated October 1, 2026

Synovus Bank

Amount demanded: $28,616.15

Cure deadline: October 15, 2026

The original October 1, 2026 Notice of Breach and Right to Cure is incorporated as Exhibit A.

EXHIBIT B

COLLECTION AND ACCELERATION CORRESPONDENCE

Dated October 29, 2026

McMickle, Kurey & Branch, LLP

Casey D. Baker

Amount demanded: $707,858.69

The original October 29, 2026 collection and acceleration correspondence is incorporated as Exhibit B.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. STEPHANIE J. SMITH,
Plaintiff,

v.

MCMICKLE, KUREY & BRANCH, LLP;
CASEY D. BAKER, Individually;
SCOTT MCMICKLE, Individually;
STATE OF GEORGIA,
Defendants.

ORDER ON EMERGENCY DEMAND FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED HEARING

After considering Plaintiff's Emergency Demand for Expedited Hearing and Temporary Injunctive Relief, the supporting declaration, and the exhibits submitted, the Court finds that temporary relief is warranted as stated below.

1. Plaintiff's request for temporary injunctive relief is GRANTED to the extent provided in this Order.

2. Defendants, together with their officers, agents, servants, employees, attorneys, and persons acting in active concert or participation with them who receive actual notice of this Order, are restrained from conducting or facilitating a foreclosure sale of the property located at 5535 Hugh Howell Road, Stone Mountain, Georgia 30087, pursuant to the disputed security deed.

3. This restraint applies only to persons legally bound under Federal Rule of Civil Procedure 65(d)(2).

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Demand was served upon:

McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009

Casey D. Baker, Individually
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
cbaker@mkblawfirm.com

Scott McMickle, Individually
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
swm@mkblawfirm.com

State of Georgia
Office of the Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334

DR. STEPHANIE J. SMITH
Plaintiff, Pro Se

4. The temporary restraint shall take effect upon entry of this Order and remain effective for the period specified by the Court in accordance with Rule 65.

5. The Court will conduct an expedited hearing concerning Plaintiff's request for preliminary injunctive relief.

6. The parties shall preserve relevant records concerning the disputed security deed and threatened foreclosure.

7. Security under Rule 65(c) is set at the amount determined by the Court.

8. The Court reserves determination of the parties' substantive rights concerning deed delivery, subrogation, and release of lien.

SO ORDERED.

United States District Judge